JOURNAL ENTRY AND OPINION.
{¶ 1} Appellant Willard Harris Jr. appeals from the concurrent sentences of six months' imprisonment imposed upon him for possession of drugs, drug trafficking with a juvenile specification, and possession of criminal tools. He argues that the sentence is contrary to law and violates R.C. 2929.11(B), which requires the court to ensure that consistent sentences are imposed for similar offenders. We find no merit in appellant's argument and affirm the sentences imposed.
 {¶ 2} Appellant was charged in a four-count indictment filed June 21, 2002, with one count of possession of drugs, two counts of drug trafficking, both of which carried juvenile specifications, and possession of criminal tools. Following a jury trial, appellant was found guilty of possession of drugs, one count of drug trafficking with a juvenile specification, and possession of criminal tools. The jury found appellant not guilty of the other drug trafficking count. The court referred the matter for a presentence investigation. Thereafter, the court sentenced appellant to a term of six months' imprisonment on each count, the sentences to run concurrently with one another.
 {¶ 3} In this appeal, appellant claims that the sentences imposed were contrary to law because the court failed to determine that the sentences were "consistent with sentences imposed for similar crimes committed by similar offenders," as required by R.C. 2929.11(B). There is nothing in the record to demonstrate that the court did not consider the sentences imposed for similar crimes by similar offenders. Unlike many other parts of the sentencing statutes, R.C. 2929.11(B) does not require the court to make express findings. Cf. State v. Edmondson (1999),86 Ohio St.3d 324. Thus, the lack of any express finding regarding consistency is neither surprising nor erroneous. Moreover, the court's judgment entry expressly finds that "prison is consistent with the purpose of R.C. 2929.11." Six months' imprisonment is the minimum the court may impose for any of these offenses, if it imposes a term of imprisonment at all. R.C. 2929.14(A)(4) and (5). Therefore, appellant has failed to demonstrate that the court erred by imposing a term of imprisonment, or that he was prejudiced by the length of the term of imprisonment imposed.
 {¶ 4} Although R.C. 2929.11(B) directs trial courts to impose felony sentences which are "consistent with sentences imposed for similar crimes by similar offenders," the legislature has not identified the means by which the courts should attain this goal. Neither individual practitioners, government attorneys, trial courts nor appellate courts have the resources to assemble reliable information about sentencing practices throughout the state. State v. Haamid, Cuyahoga App. Nos. 80161, 80248, 2002 Ohio 3243 (Karpinski, J., concurring). Identification of the data and factors which should be compared in deciding whether a crime or an offender is "similar" in itself would be a massive task, yet the identification of such data would be essential even to begin to build a database. Unless and until someone undertakes this daunting task, "appellate courts will be able to address the principle of consistency only to a very limited degree." Id.
 {¶ 5} Accordingly, we overrule appellant's assignment of error and affirm the judgment of the common pleas court.
Affirmed.
PATRICIA A. BLACKMON, J. and DIANE KARPINSKI, J. concur.